IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:15-CV-259-BR

| | |
|---|---|
| ARKALGUD N. LAKSHMINARASIMHA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **ORDER and MEMORANDUM AND** |
| v. | ) **RECOMMENDATION** |
| | ) |
| DUKE PROGRESS ENERGY, et al., | ) |
| | ) |
| Defendants. | ) |

This case comes before the court, in part, on the motion (D.E. 11) of pro se plaintiff Arkalgud N. Lakshminarasimha ("plaintiff") to waive filing fees and reopen prior litigation. Also before the court are a number of other motions seeking to: amend, clarify, or supplement allegations in or exhibits attached to his complaint or other filings (*see, e.g.,* D.E. 21, 26, 31, 34, 36, 54, 56, 70, 97, 98, 99, 103, 105, 106, 112, 125, 131, 132, 133, 134, 136, 138, 139, 141, 144, 147, 148, 149); obtain expedited consideration of his claims (*see, e.g.,* D.E. 20, 46, 47, 48, 49, 118, 119, 142, 145, 146); consolidate the instant case with prior lawsuits filed by or against plaintiff (*see, e.g.,* D.E. 37, 43, 52, 65, 83, 101, 102, 107, 109, 110, 120, 123); allow for reconsideration of prior court orders in this case and prior cases (*see, e.g.,* D.E. 57, 80, 121, 130, 135); and assert complaints about court personnel (*see, e.g.,* D.E. 79, 81, 122, 124).[1] The case was also referred to the undersigned for a frivolity review.[2] For the reasons set forth below,

---

[1] This categorization is based on the principal relief sought by each motion. Some motions seek relief in more than one category.

[2] *See Ross v. Baron,* 493 F. App'x 405, 406 (4th Cir. 2012) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid."); *Mills v. Greenville Cty.,* 586 F. Supp. 2d 480, 487 (D.S.C. 2008) ("Further, even though the full filing fee has been paid, the pro se and non-prisoner [plaintiff's] claims are also subject to an initial sua sponte review by the Court pursuant to the Court's inherent authority to ensure that a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous."); *see also Mallard v. United States Dist. Ct. for the S. Dist. of Iowa,* 490 U.S. 296, 307 (1989) ("Statutory

plaintiff's motion for waiver of filing fees and to reopen litigation will be denied, and it will be recommended that the action be dismissed and all pending motions be denied as moot. It will also be recommended that plaintiff be directed to show cause why the court should not enter a pre-filing injunction against him.

## BACKGROUND

Plaintiff commenced this action on 15 June 2015. (*See generally* Compl. (D.E. 1)). He filed his motion to waive filing fees and to reopen litigation on 30 June 2015. In an order entered on 12 August 2015 (D.E. 51), the court construed the motion as a request to proceed *in forma pauperis* ("IFP"). It directed plaintiff to complete the court's preferred form for use by IFP applicants and provide information about his income, assets, or other aspects of his financial situation that he believed justified waiver of filing fees. (*See id.* at 2). In response to the order, plaintiff, in multiple filings (*see, e.g.,* D.E. 57, 58), explained that he is seeking waiver of fees not on the basis of IFP status, but rather on the grounds that cases he previously litigated in this court, primarily no. 5:09-CV-375-FL, as well as nos. 5:11-CV-365-BO, 5:11-CV-431-BO, 5:12-CV-29H, and 5:13-MC-54-D, should be reopened, reconsidered, and reversed, and that this action should be consolidated with those cases.

Each one of the previously filed lawsuits plaintiff seeks to reopen and consolidate with the instant lawsuit was dismissed. For example, the court dismissed no. 5:09-CV-375-FL on 11 January 2010 on grounds that the court lacked jurisdiction and/or that plaintiff failed to state a claim upon which relief could be granted. (*See* no. 5:09-CV-375-FL D.E. 79). Plaintiff filed a notice of appeal to the Fourth Circuit. (*See* no. 5:09-CV-375-FL D.E. 82). On 23 June 2010, the Fourth Circuit affirmed the decision of this court (*see* no. 5:09-CV-375-FL D.E. 91), and on 9

---

provisions may simply codify existing rights or powers. Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision." (dicta)).

September 2010, denied plaintiff's petition for rehearing (*see* no. 5:09-CV-375-FL D.E. 94). Plaintiff continued to submit filings to this court in that case, and it entered an order on 2 December 2010 directing the clerk not to accept any further filings in that case. (*See* no. 5:09-CV-375-FL D.E. 101).

In no. 5:11-CV-365-BO, following the court's dismissal of his claims on jurisdictional grounds (*see* no. 5:11-CV-365-BO D.E. 121) on 23 December 2011, plaintiff continued to file motions and other documents. On 21 May 2013, the court entered an order striking those filings from the record and directing the clerk to refuse any further filings from plaintiff in that case. (*See* no. 5:11-CV-365-BO D.E. 172).

Similarly, in no. 5:11-CV-431-BO, plaintiff continued to make filings after entry of an order on 3 January 2012 dismissing his complaint. (*See* no. 5:11-CV-431-BO D.E. 63). The court entered an order on 21 May 2013 striking the untimely filings and directing the clerk not to accept any new filings from plaintiff in that case. (*See* no. 5:11-CV-431-BO D.E. 95).

In no. 5:12-CV-29-H, the court on 13 July 2012 expressly denied plaintiff's request to consolidate and re-litigate matters raised in nos. 5:09-CV-375-FL, 5:11-CV-365-BO, and 5:11-CV-431-BO (*see* no. 5:12-CV-29-H D.E. 148 at 7-8), and on 19 February 2013 dismissed plaintiff's complaint (no. 5:12-CV-29-H D.E. 204 at 1-4). Plaintiff filed an appeal to the Fourth Circuit (*see* no. 5:12-CV-29-H D.E. 214), which was dismissed on 2 April 2013 (*see* no. 5:12-CV-29-H D.E. 221). This court entered an order on 1 May 2013 directing the clerk not to accept any further filings from plaintiff in that case. (*See* no. 5:12-CV-29-H D.E. 230). By separate order entered 20 May 2013, the court struck from the record the untimely submissions filed by plaintiff. (*See* no. 5:12-CV-29-H D.E. 234). Plaintiff appealed to the Fourth Circuit the order

striking his submissions (*see* no. 5:12-CV-29-H D.E. 237), his appeal was dismissed (*see* no. 5:12-CV-29-H D.E. 241), and his petition for rehearing denied (*see* no. 5:12-CV-29-H D.E. 244).

Finally, no. 5:13-MC-54-D was a miscellaneous case commenced by plaintiff's attempted filing of a "criminal complaint" arising out of the same facts as the previous cases and seeking to reopen the four prior cases. (*See* no. 5:13-MC-54-D D.E. 2, 2-1). The court denied plaintiff's request to reopen the previous litigation and dismissed the case on 13 September 2013 on grounds that the claims raised were barred or failed to state a claim. (*See* no. 5:13-MC-54-D D.E. 28). In its dismissal order, the court warned plaintiff about the possibility of its entry of a pre-filing injunction against him. (*Id.* at 6-7). The court also entered an order directing the clerk not to accept any further filings from plaintiff in that case. (*See id*. at 7).

In the instant litigation, plaintiff's claims, though not fully intelligible, appear to assert exactly the same claims that he has previously asserted: that numerous government officials, government agencies, and multiple private employers have, among other things, engaged in discrimination and retaliation against him, conspired against him to prevent his career growth, entrapped his wife and children, engaged in fraud, and obstructed justice.

### PLAINTIFF'S MOTION TO WAIVE FILING FEES AND REOPEN LITIGATION

While a pro se plaintiff is entitled to latitude in his filings, such leniency is not unlimited. *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989) (noting that pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed.'") (quoting *Estelle v. Gamble,* 429 U.S. 96, 106 (1976)). Here, plaintiff's motion for waiver of fees and to reopen previously dismissed lawsuits is subject to denial because the claims he seeks to pursue are barred by the doctrine of *res judicata*. That doctrine precludes a party from asserting

claims that have already been "'litigated to a final judgment by that party or such party's privies'" as well as "'any legal theory, cause of action, or defense which could have been asserted in that action.'" *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (quoting 18 James Wm. Moore *et al.*, *Moore's Fed. Practice* § 131.10(1)(a) (3d ed. 2008)).

The Fourth Circuit has articulated three elements that must be present for *res judicata* to prevent a party from raising a claim: "'(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action.'" *Id.* (quoting *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 42 (4th Cir. 1990)). This third element "'does not turn on whether the claims asserted are identical,'" but rather on "'whether the suits and the claims asserted therein arise out of the same transaction or series of transactions or the same core of operative facts.'" *Frank v. Home Depot, U.S.A., Inc.*, 481 F. Supp. 2d 439, 442-43 (D. Md. 2007) (quoting *Pueschel v. United States*, 369 F.3d 345, 355 (4th Cir. 2004)). Thus, *res judicata* "may apply even though the plaintiff in the first suit proceeded under a different legal theory.

A prior judgment on the merits binds the parties 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but [also] as to any other admissible matter which might have been offered for that purpose.'" *Aliff*, 914 F.2d at 43 (quoting *Sea-Land Serv., Inc. v. Gaudet*, 414 U.S. 573, 579 (1974)). Moreover, "actual knowledge of a potential claim at the time of the first suit is not required for *res judicata* to apply. If the claim existed at the time of the first suit and might have been offered in the same cause of action, then it is barred by *res judicata* from being brought in a subsequent suit." *Id.* at 43-44 (internal quotations omitted).

Here, all three elements are clearly met. Indeed, it was on this exact basis that most of the claims asserted by plaintiff in no. 5:13-MC-54-D were dismissed, and the court adopts that same reasoning here. (*See* no. 5:13-MC-54-D D.E. 28 at 4-6). The claims asserted by plaintiff in this litigation do not differ from those previously adjudicated in one or more of his previous lawsuits and plaintiff simply may not litigate those claims again. Indeed, by seeking to reopen those cases and consolidate the lawsuits, plaintiff tacitly acknowledges that his claims concern the same matters at issue in the previously adjudicated cases, and his filings repeatedly demonstrate his vehement disagreement with, and desire to re-litigate, their outcomes. He has appealed those cases to their conclusion and may not revisit in this litigation the matters at issue in those cases. Avoiding this exact scenario is the driving purpose behind the *res judicata* doctrine. "[B]y precluding parties in a subsequent proceeding from raising claims that were or could have been raised in a prior proceeding, '[r]es judicata . . . encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes.'" *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)). Any attempt by plaintiff to re-litigate these matters would be frivolous.

For the foregoing reasons, IT IS ORDERED that plaintiff's motion for waiver of fees and to reopen his prior litigation (D.E. 11) is DENIED. IT IS RECOMMENDED that: (1) the complaint be dismissed as frivolous; and (2) plaintiff's remaining pending motions (D.E. 20, 21, 26, 31, 34, 36, 37, 43, 46, 47, 48, 49, 52, 54, 56, 57, 65, 70, 79, 80, 81, 83, 97, 98, 99, 101, 102, 103, 105, 106, 107, 109, 110, 112, 118, 119, 120, 121, 122, 123, 124, 125, 130, 131, 132, 133, 134, 135, 136, 138, 139, 141, 142, 144, 145, 146, 147, 148, and 149) be DENIED AS MOOT.

## PRE-FILING INJUNCTION

As noted, in the 13 September 2013 Order in no. 5:13-MC-54-D, the court expressly warned plaintiff that it considered entering a pre-filing injunction to prevent him from repeatedly filing frivolous litigation and that further attempts to re-litigate matters could be subject to such a sanction. (*See* no. 5:13-MC-54-D D.E. 28 at 6-7). Due to plaintiff's continued filing of meritless litigation, the court should enter a pre-filing injunction that would appropriately limit plaintiff's access to this court.

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), federal courts have "the authority to limit access to the courts by vexatious and repetitive litigants." *Cromer v. Kraft Foods North America, Inc*., 390 F.3d 812, 817 (4th Cir. 2004); *see also Procup v. Strickland*, 792 F.2d 1069, 1073-74 (11th Cir. 1986) (*en banc*). Moreover, federal courts have a constitutional obligation to protect against conduct that impairs their ability to carry out Article III functions. *Armstrong v. Koury Corp*., 16 F. Supp. 2d 616, 620 (M.D.N.C. 1998) (citing *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984)). This obligation extends to pro se litigants. *Id.* at 620.

When a court considers issuing a pre-filing injunction, the court must weigh all of the relevant circumstances, including: (1) the plaintiff's history of litigation and whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the plaintiff had a good faith basis for commencing the litigation; (3) the burden on other parties and the court as a result of plaintiff's filings; and (4) the availability of alternative sanctions. *Cromer*, 390 F.3d at 818. Even if a litigant's conduct warrants such an action by the court, a pre-filing injunction must be "narrowly tailored to fit the specific circumstances at issue." *Id.* A pre-filing injunction may be deemed narrowly tailored if it allows "the litigant the option of filing additional federal court actions, if granted permission to do so by the district court." *Id*.

As discussed, plaintiff has filed several repetitive and frivolous actions in this court. He continued to pursue the instant action after being warned that the court considered issuing a pre-filing injunction against him in the last case. Plaintiff nevertheless commenced this action which relates, in large part, to the exact same conduct he complained about in the first lawsuit he filed in this district. Thus, the court is faced with a litigant engaged in a pattern of frivolous litigation. Because plaintiff was warned of the issuance of a pre-filing injunction against him, there can be no good faith basis for filing a nearly identical action in this court. A pre-filing injunction, which requires plaintiff to seek permission from the court prior to any subsequent filings, is necessary to curb these groundless, repetitive and frivolous actions.

IT IS THEREFORE RECOMMENDED that plaintiff be directed to show cause why a pre-filing injunction should not be entered against him.

## NOTICE OF RIGHT TO OBJECT

IT IS DIRECTED that a copy of this Order and Memorandum and Recommendation be served on plaintiff or, if represented, his counsel. Plaintiff shall have until 2 March 2016 to file written objections to the Order and Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of the Order and Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Order and Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Order and Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review**

**of the Order and Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Order and Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Order and Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

This 17th day of February 2016.

_____
James E. Gates
United States Magistrate Judge