UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:15-CV-259-BR

| | | |
|---|---|---|
| ARKALGUD N. LAKSHMINARASIMHA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DUKE PROGRESS ENERGY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

On 7 March 2016, on the recommendation of U.S. Magistrate Judge James E. Gates, the court dismissed plaintiff's complaint with prejudice and directed him to show cause why a pre-filing injunction should not be entered against him. (DE # 158.) Since that time, plaintiff has filed (1) a document dated 15 March 2016 on which "returned document from defendant" is written on the first page along with a signature and telephone number, (DE # 160), (2) a motion dated 18 March 2016 in which plaintiff contends the court's order is null, void, and violates due process, among other things, (DE # 161), (3) a motion dated 26 March 2016 which appears to seek relief from the order pursuant to Federal Rule of Civil Procedure 60, (DE # 162), and (4) an undated motion which appears to address, in part, the proposed pre-filing injunction, which plaintiff claims would violate equal protection and due process, (DE # 163).

Turning first to plaintiff's Rule 60 motion, the court assumes plaintiff seeks relief under Rule 60(b)(4), as it permits the court to "relieve a party or a party's legal representative from a final judgment, order, or proceeding [if] . . . the judgment is void." Fed. R. Civ. P. 60(b)(4). "An order is 'void' for purposes of Rule 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of

law." Wendt v. Leonard, 431 F.3d 410, 412 (4th Cir. 2005) (citation omitted).

In this case, the court had subject matter jurisdiction under 28 U.S.C. § 1331 because plaintiff's claims allege employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and violations of other federal statutes. (See Compl., DE # 1.) Also, having filed his complaint in this court, plaintiff submitted himself to the jurisdiction of this court to render a judgment against him. See Adam v. Saenger, 303 U.S. 59, 67-68 (1938) ("The plaintiff having, by his voluntary act in demanding justice from the defendant, submitted himself to the jurisdiction of the court, there is nothing arbitrary or unreasonable in treating him as being there for all purposes for which justice to the defendant requires his presence." (citations omitted)). Finally, it is not clear what process plaintiff claims was due him. Plaintiff refers to the fact that a trial on the merits has not occurred. (Mot., DE # 162, at 1.) He also notes that the court has not conducted a hearing. (Id. at 5.) The court is not required to hold a hearing before dismissing a complaint as frivolous. See Hanes v. Ga. State Bd. of Pardons and Paroles, 222 F. App'x 838, 841 (11th Cir. 2007). Plaintiff was mailed a copy of Judge Gates' order and memorandum recommending dismissal of his complaint and the entry of a pre-filing injunction against him. In that order and memorandum, he was notified of his right to file written objections. The court considered the documents plaintiff filed subsequent to the order and memorandum as objections thereto. The court also gave plaintiff the opportunity to show cause why a pre-filing injunction should not be entered against him. These procedures comport with due process. Therefore, the court's 7 March 2016 order is not void, and plaintiff is not entitled to relief under Rule 60(b)(4).

With regard to the proposed pre-filing injunction, and as stated in the 7 March 2016

order, (DE # 158, at 2), the pre-filing injunction would prohibit plaintiff "from (1) filing any additional documents in this action other than a notice of appeal and an application for leave to proceed *in forma pauperis* on appeal and (2) instituting any new civil case in this court without first obtaining leave of court." In his most recently filed motion, plaintiff suggests that such an injunction would violate his equal protection and due process rights. As Judge Gates recognized in his order and memorandum, (DE # 150, at 7), which the court adopted in its 7 March 2016 order, before entering a pre-filing injunction, the court must weigh the circumstances of the case including certain factors. The court has considered those factors, (id. at 8), and concludes the circumstances warrant the entry of a pre-filing injunction. It bears emphasizing that plaintiff's actions have become a significant burden on the court and that less drastic sanctions would not likely deter plaintiff. In this action alone, plaintiff has filed more than 150 documents, many of which are largely repetitive, unintelligible, and in excess of twenty pages. Nonetheless, the court is required to review each one. Plaintiff has been unsuccessful at every turn, and despite warnings from the court, he continues to attempt to litigate about the same conduct.

      For the foregoing reasons, all pending motions are DENIED. Plaintiff is ENJOINED from

      1.    Filing any additional documents in this action other than a notice of appeal and an application for leave to proceed *in forma pauperis* on appeal;

      2.    Instituting any new civil case in this court without first obtaining leave of court. If plaintiff desires to commence a new civil case, he must file a motion for leave to file a complaint. He must attach to the motion the proposed complaint and a copy of this order. He must also pay the appropriate filing fee or file an application to proceed in the district court

without prepaying fees or costs (AO 239, available on the court's website).  **Plaintiff shall not file any further documents in the proceeding until ordered by the court to do so.**  The Clerk shall not accept any further filings from plaintiff in a proceeding until directed by the court.

Plaintiff is warned that the failure to comply with the requirements of this order may result in monetary penalties and/or initiation of contempt proceedings.  Nothing in this order shall be construed to preclude plaintiff from defending himself in any action *brought against him* in this court.

The Clerk shall not accept any further filings from plaintiff in this case.

This 30 March 2016.

_____
W. Earl Britt
Senior U.S. District Judge