UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No: 5:15-CV-259-BR

| | | |
|---|---|---|
| ARKALGUD N. LAKSHMINARASIMHA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DUKE PROGRESS ENERGY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

On 7 March 2016, the court adopted the recommendation of U.S. Magistrate Judge James E. Gates, dismissing plaintiff's complaint as frivolous and ordering plaintiff to show cause why a pre-filing injunction should not be entered against him. (DE # 158.) Accordingly, judgment was entered against him and the case closed. (DE # 159.) Thereafter, plaintiff filed motions contending the court's earlier order was null and void and violated due process and seeking relief under Federal Rule of Civil Procedure 60, among other things. (DE ## 161-63.) On 30 March 2016, the court denied plaintiff's motions and entered a pre-filing injunction against him: (1) prohibiting him from filing anything further in this case other than a notice of appeal and an application for leave to proceed *in forma pauperis* on appeal and (2) imposing restrictions on his institution of any new civil case. (DE # 164.) In 2017, plaintiff appealed, and the Fourth Circuit Court of Appeals dismissed the appeal for failure to prosecute. (DE # 169.)

On 21 February 2021, this court's Chief Judge, construing a recent letter from plaintiff as a motion seeking relief pursuant to Rule 60(b), directed the Clerk to file the motion in the referenced cases, including this one. (DE # 176.) In that motion, plaintiff relies on a recent decision of the Fourth Circuit Court of Appeals, Tang v. Univ. of Baltimore, 832 F. App'x 236

(4th Cir. 2021) (per curiam), to argue he may use Rule 60, among other rules and statutes, to reopen his cases, consolidate them, and resolve all his disputes. (DE # 177.)

Tang does not assist plaintiff in this case. In Tang, in 2018, the district court dismissed the plaintiff's complaint and closed the case. 832 F. App'x at 236. In 2020, the plaintiff filed a Rule 60(b) motion. Id. Because the case was closed, the district court returned the plaintiff's motion and did not file it. Id. On appeal, the court found "that the administrative closing of the case was not a sufficient reason for refusing [the plaintiff's] motion for reconsideration" and remanded for the district court to file and consider the motion. Id.

Here, unlike in Tang, after this case was closed and judgment entered, the court filed and considered plaintiff's post-judgment motions, including one under Rule 60(b). The reason why the court enjoined plaintiff from filing any more documents in this case is because his numerous, voluminous filings were largely repetitive and unintelligible. (See 3/30/16 Order, DE # 164, at 3.) This determination was not disturbed on appeal.

The court concludes plaintiff has not shown any basis for relief under Rule 60(b). See Am. Lifeguard Ass'n, Inc. v. Am. Red Cross, Nos. 92–2460, 92–2527, 93–1190, 93–1224, 1994 WL 144321, at *2 (4th Cir. Apr. 22, 1994) ("While Rule 60(b) serves the equitable purpose of allowing a party to reopen a case when justice so requires, the rule is not meant to eviscerate the finality of judgments where the reasons for further consideration are less than compelling. . . . It is because of this need for finality that Rule 60(b) relief will be granted only where the moving party can demonstrate 'exceptional circumstances.'" (citation omitted)). Plaintiff's motion is DENIED. Plaintiff may file a notice of appeal from this order and an application for leave to proceed *in forma pauperis* on appeal. The Clerk shall not accept any other filings from plaintiff

in this case.

       This 7 April 2021.

                                                     W. Earl Britt
                                                     Senior U.S. District Judge